**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 16-20437

MILLICENT TRAYLOR, et. al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS OR COMPEL ELECTION OF COUNTS**

Defendant Millicent Traylor is charged by the Government's Superseding Indictment with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, one count of conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371, and five counts of health care fraud in violation of 18 U.S.C. § 1347. Defendant argues that Counts 1 and 2 are duplicative in violation of her Constitutional rights. She asks this court to dismiss Count 2 or to compel the Government to pursue only one of the counts at trial. (Dkt. #99.) Upon review of the parties' briefs and based on basic principles of law, the court will conclude that the Government's indictment is not multiplicious and deny Defendant's motion.

"'Multiplicity' is charging a single offense in more than one count in an indictment." *United States v. Swafford*, 512 F. 3d 833, 844 (6th Cir. 2008) (quoting *United States v. Lemons*, 941 F. 2d 309, 317 (5th Cir. 1991)) (internal quotation marks omitted). The Double Jeopardy clause of the Fifth Amendment of the Constitution

protects an individual from being punished twice for the same offense. *See Abney v. United States*, 431 U.S. 651, 661 (1977). This protection prohibits multiplicity because it includes a prohibition against putting an individual on trial twice for the same offense. *Id*. "However, a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *United States v. DeCarlo*, 434 F.3d 447, 454 (6th Cir.2006).

"To determine whether charges are multiplicitous, [the courts] generally analyze, under *Blockburger v. United States*, 284 U.S. 299 (1932), whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017). "'[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial.'" *Christian v. Wellington*, 739 F. 3d 294, 298 (6th Cir. 2014) (quoting *Illinois v. Vitale*, 447 U.S. 410, 416 (1980).

In Count I of the Government's superseding indictment Defendant is charged with conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349. To prove that Defendant committed this offense the Government must show that Defendant entered into an agreement to,

> knowingly and willfully execute[], or attempt[] to execute, a scheme or artifice—
>
> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations,

or promises, any of the money or property owned by, or under the custody
or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits,
items, or services . . . .   18 U.S.C. § 1347.

In Count II of the Government's superseding indictment Defendant is charged with conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. To prove that Defendant committed this offense the Government must show that first that Defendant agreed with two or more persons to commit an offense against the United States, in this case, receiving kickbacks in return for goods or services paid for by a federal healthcare program.   18 U.S.C. § 371.   This offense requires proof that Defendant,

knowingly and willfully solicit[ed] or receive[ed] any remuneration
(including any kickback, bribe, or rebate) directly or indirectly, overtly or
covertly, in cash or in kind—

(A) in return for referring an individual to a person for the furnishing or
arranging for the furnishing of any item or service for which payment may
be made in whole or in part under a Federal health care program, or

(B) in return for purchasing, leasing, ordering, or arranging for or
recommending purchasing, leasing, or ordering any good, facility, service,
or item for which payment may be made in whole or in part under a
Federal health care program. . . . 42 U.S.C.A. § 1320a-7b(b).

The Government must then show that Defendant knew of the unlawful objective, voluntarily joined the conspiracy, and one or more persons committed an overt act to effect the object of the conspiracy. 18 U.S.C. § 371.

The Sixth Circuit has already concluded that each of these offenses requires

proof of an element that the other does not and this court agrees.[1] *See United States v. Fowler*, 819 F. 3d 298, 308 n.4 (6th Cir. 2016). Specifically, the conspiracy to commit healthcare fraud requires proof of an agreement to commit a fraudulent scheme or act, while the kickback conspiracy does not have such a requirement. *Id.* The conspiracy to pay or receive healthcare kickbacks requires proof of an agreement to pay and receive kickbacks and an overt act in furtherance of that agreement, while the healthcare fraud conspiracy does not require such an overt act. *United States v. Rogers,* 769 F.3d 372, 382 (6th Cir. 2014). Therefore, the Superseding Indictment is not multiplicious and does not violate the Double Jeopardy Clause. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss or to Compel Election of Counts (Dkt. #99) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

---

[1] Even if this court were inclined to disagree, which it is not, the court is bound by a reported decision of the 6th Circuit.

S:\CLELAND\JUDGE'S DESK\C2 ORDERS\16-20437.TRAYLOR.DENYDISMISS.AJU.DOCX