**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                   Case No. 16-20437

MILLICENT TRAYLOR,

       Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO EXCLUDE
## TESTIMONY OF DR. SAHUL

The Government's superseding indictment charges Defendant Millicent Traylor
with one count of conspiracy to commit health care fraud in violation of 18 U.S.C.
§ 1349, one count of conspiracy to pay and receive health care kickbacks in violation of
18 U.S.C. § 371, and five counts of health care fraud in violation of 18 U.S.C. § 1347.
The Government intends to call Dr. Yasmin Sahul to testify at trial. Defendant has filed a
motion in limine to exclude the doctor's testimony based on Federal Rules of Evidence
401, 403, 701, and 702. (Dkt. # 156.) The parties discussed the motion on the record at
a status conference on May 10, 2018, and the Government subsequently filed its
response. (Dkt. # 158.) Upon review of the parties' briefs, the court concludes that the
proposed testimony is admissible and will deny Defendant's motion.

## I. BACKGROUND

Metro Mobile Physicians ("Metro Mobile" or "the clinic") was a medical treatment
clinic in Detroit, Michigan owned by Jacklyn Price. It was a Medicare provider and

submitted claims directly to Medicare. (Dkt. # 1, Pg. ID 33.) Defendant worked at Metro

Mobile as an unlicensed physician—a medical school graduate who has not obtained a

medical license. Dr. Sahul worked at Metro Mobile for four days in March of 2015 before

she quit. During that time she assessed and treated six patients while working alongside

Dr. Janarthanan. Undisputedly, she never worked with or met Defendant.

## II. STANDARD

Evidence may be introduced at trial only if it is relevant. "Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without

the evidence and (b) the fact is of consequence in determining the action." Fed. R. Evid.

401. Proposed evidence will be deemed relevant if it is probative of one of the elements

of the crimes charged in the indictment. Relevant evidence is generally admissible, Fed.

R. Evid. 402; however, the court may exclude evidence from trial that is relevant, if its

"probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is unfairly prejudicial

when it 'tends to suggest decision on an improper basis,' but is not unfairly prejudicial

when it only damages the defendant's case due to the legitimate probative force of the

evidence." *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (quoting *United

States v. Bonds*, 12 F.3d 540, 567 (6th Cir.1993)).

Regarding witness testimony,

If a witness is not testifying as an expert, testimony in the form of an
opinion is limited to one that is:

(a) rationally based on the witness's perception;

2

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Opinion testimony of an expert witness—a person qualified by "knowledge, skill, experience, training, or education"—is not so limited. Fed. R. Evid. 702. An expert witness may testify in the form of an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Sixth Circuit has summarized Rule 702 as having three requirements:

"First, the witness must be qualified by 'knowledge, skill, experience, training, or education.' Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.' Third, the testimony must be reliable."

*United States v. Rios*, 830 F.3d 403, 413 (6th Cir. 2016) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008)). An expert may base his opinion on facts or data to which he has been made aware or has personally observed. *See* Fed. R. Evid. 703. While an expert's opinion is not admissible if it is speculative or mere guess work, the court should admit expert testimony where the opinion has a reasonable factual basis. *See United States v. Ramer*, 883 F.3d 659, 680 (6th Cir.

3

2018) (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)). In such circumstance, "any remaining challenges merely go to the weight, as opposed to the admissibility, of the expert testimony." *Id.* (citing *In re Scrap Metal*, 527 F.3d at 530).

## III. DISCUSSION

The Government provided notice to Defendant of its intent to call Dr. Yasmin Sahul to testify "regarding her experiences with, and observations at, Metro Mobile." (Dkt. # 156-2, Pg. ID 911.) Specifically, Dr. Yasmin plans to testify to episodes of inappropriate prescribing of narcotic medications, inappropriate management of maintenance medications, the clinic's lack of standard medical equipment, and the clinic's subpar treatment of its patients. (*Id.* at 912.) Defendant argues that Dr. Sahul's testimony is inadmissible. First, Defendant contends that the proposed testimony is irrelevant to the charged conduct and is highly prejudicial in that it serves only to "present Metro Mobile as [a] shoddy medical clinic without adequate resources." (Dkt. # 156, Pg. ID 905.) Defendant's concern for prejudice is not meritless, but the potential prejudice is not unfair nor does it outweigh the probative value of the proposed testimony.

Defendant is charged with conspiracy to commit health care fraud. The underlying crime of health care fraud is defined as:

(a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice--

(1) to defraud any health care benefit program; or

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

18 U.S.C. § 1347. Any conduct that is relevant to whether Defendant attempted or conspired to commit health care fraud is admissible under Rule 401.

Dr. Sahul's testimony bears directly on the charged conduct. The Government rightly notes that the charges against Defendant are based in part "on the actions of the Defendant and her co-conspirators in providing prescriptions for controlled substances that were medically unnecessary and/or forged, in order to induce Medicare beneficiaries to serve as patients." (Dkt. # 158, Pg. ID 923.) Dr. Sahul's testimony provides evidence of an alleged scheme at Metro Mobile to obtain Medicare payments by falsely representing that patients were in need of narcotic medications. While Dr. Sahul does not plan to testify regarding Defendant, her testimony remains relevant because it will address the operation of the conspiracy and the actions of Defendant's co-conspirators including the head of the clinic, Jacklyn Price. Dr. Sahul's testimony has the potential to damage Defendant's case, but it is not *unfairly* prejudicial to Defendant. The evidence may support the Government's theory of an overall scheme to conspire to inappropriately prescribe pain medication in order to fraudulently obtain Medicare payments, but it does not suggest an improper basis for the jury to find Defendant guilty of participation in said scheme. In sum, the testimony is relevant, highly probative of the charged conduct, and does not create a risk of unfair prejudice.

Second, Defendant argues that the proposed testimony reaches beyond lay opinion testimony and is inadmissible because Dr. Sahul is not qualified to testify as an expert on pain management. (Dkt. # 156, Pg. ID 907.) As an initial matter, the court concludes that much of Dr. Sahul's testimony is lay witness testimony because it does not require "knowledge, skill, experience, training, or education." *See* Fed. R. Evid. 702. For example, Dr. Sahul plans to testify concerning her personal observations of the clinic, including the fact that the clinic continued to write prescriptions in her name after she terminated her employment. This type of fact or opinion testimony is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," Fed. R. Evid. 701, and therefore is admissible.

Regarding those portions of Dr. Sahul's testimony that may rely on her expert experience, the court concludes she is adequately qualified to offer her opinion. Dr. Sahul has practiced medicine for fourteen years providing outpatient services to a wide-range of patients at eleven different healthcare facilities. (Dkt. # 156, Pg. ID 906.) Defendant asserts that Dr. Sahul has no "particular experience in the area of pain management," but outpatient medical care includes pain management as evinced by Metro Mobile—an outpatient medical care facility that provided pain management services to its patients and hired Dr. Sahul for the purpose of providing such services.

Third and lastly, Defendant argues that Dr. Sahul's proposed testimony is "not based on sufficient facts or data." (Dkt. # 156, Pg. ID 907.) The court disagrees; Dr. Sahul's proposed testimony is far from speculation. To the contrary, it has a reasonable factual basis. *See United States v. Ramer*, 883 F.3d 659, 680 (6th Cir. 2018) (quoting

*United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)). For example, the Government explained that Dr. Sahul will testify to specific medical record notations she observed that appear indicative of improperly prescribing pain medication, including authorization for pain medication that was not previously authorized by a patient's primary care physician, evidence of a patient doctor-shopping, and a prescription for narcotics despite a negative control test. While Defendant challenges whether these one-off occurrences can truly be indicative of narcotic prescription abuse, her "challenges merely go to the weight, as opposed to the admissibility, of the expert testimony." *Id.*

Nonetheless, Defendant raises a valid concern that Dr. Sahul's opinion, if stated too broadly, would be unsupported based on her work at the clinic of only four days and assessment of only six patients. However, during the on the record status conference discussing Defendant's motion, the Government agreed that Dr. Sahul will not "offer an overall assessment of the entire patient body and practice of medicine" at Metro Mobile. (Dkt. # 156, Pg. ID 907.) Rather, she will testify regarding her own observations of the patients she treated, the equipment available to her, and the events that transpired involving her work at the clinic. This proposed testimony pertains to facts or data to which she has been made aware or has personally observed and therefore is squarely within the scope of admissible evidence. *See* Fed. R. Evid. 703. The court is confident that the Government will remain within this permissible scope of testimony and to avoid eliciting generalized conclusions about Metro Mobile or its staff.

Accordingly,

IT IS ORDERED that Defendant's Motion in Limine to Exclude

Opinions/Expert Testimony of Dr. Yasmin Sahul (Dkts. # 156) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:   May 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 16, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522