UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                              Case No. 16-20437

MILLICENT TRAYLOR,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE**

Defendant Millicent Traylor was convicted by jury of conspiracy to commit health care fraud, 18 U.S.C. §§ 1349 and 1347, conspiracy to pay and receive healthcare kickbacks, 18 U.S.C. § 371, and five counts of health care fraud, 18 U.S.C. § 1347. (ECF No. 236, PageID.2290, Amended Judgment.) Defendant participated in a scheme to defraud Medicare of around eight million dollars. (ECF No. 243, PageID.2369-70, Sentencing Hearing.) The court sentenced defendant to 135 months imprisonment on September 27, 2018. (ECF No. 236, PageID.2291.) On appeal, the Sixth Circuit ruled that the court relied on an incorrect guideline range, vacated the court's judgment, and remanded the case for resentencing. (ECF No. 280.) Defendant's original sentence falls at the bottom of the correct guideline range, 135 to 168 months imprisonment. (*Id.*, PageID.3125.)

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 298; *see also* ECF No. 300, Plaintiff's response.) She argues that her incarceration leaves her vulnerable to serious illness as a result of the Coronavirus Disease (COVID-19) outbreak. At the time of Defendant's motion, there was one

confirmed case of COVID-19 in the facility where she is detained, FMC Carswell in Fort Worth, Texas.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

The court notes that Defendant has failed to exhaust her remedies. There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release; however, this procedure does not apply in the present case. 18 U.S.C. § 3582(c)(1)(A). The BOP has not provided any endorsement or support for the current motion.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on her own. 18 U.S.C. § 3582(c)(1)(A). However, she may do so only "after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant has not alleged or presented evidence that she exhausted her administrative appeals within the BOP, or that she waited thirty days after submitting a compassionate release request to the warden of her detainment facility. 18 U.S.C. § 3582(c)(1)(A). Defendant submitted evidence that she requested emergency compassionate release from her warden on March 28, 2020, only ten days prior to filing the current motion. (ECF No. 298-3, PageID.3243.)

Defendant's claim is not ripe. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days; Defendant has done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release based upon the outbreak of COVID-19 for failure to exhaust).

Nonetheless, the court will address the merits of Defendant's motion. Her circumstances are not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant argues that her asthma, diabetes, obesity, and recent surgery qualify her as having extraordinary and compelling circumstances justifying the termination her 135-month sentence of imprisonment after just thirty-seven months. The court disagrees. Defendant argues that her conditions, although not in and of themselves extraordinary, *may* in the future, *if* she were to contract a serious case of COVID-19,

4

constitute extraordinary and compelling circumstances. The court is asked to speculate as to whether Defendant will eventually have a sufficiently serious medical condition. The court will not do so.

Currently, steps are being taken to mitigate Defendant's risk of contracting COVID-19. The BOP and FMC Carswell have, among other polices, instituted shelter-in-place protocols, securing every inmate in their cell; they also screen and quarantine all newly arriving detainees, quarantine asymptomatic detainees with exposure risk, isolate until medically cleared all symptomatic detainees, and disallow social visits.[1] The BOP has been directed to release inmates, where practicable, on home confinement. Office of Attorney General, Memorandum for Director of Bureau of Prisons (2020). The BOP is evaluating each inmate and carefully weighing factors such as the inmate's age and vulnerability, the risk of contracting COVID-19 at the inmate's location of home confinement, and the risk to public safety if the inmate is released. *Id.*

It would be detrimental to both society and inmates if inmates were released to environments that may increase the risk of contracting COVID-19 and may encourage the commission of crime. For instance, Defendant appears to seek a return to her home in Detroit, Michigan. (ECF No. 298-3, PageID.3243 (Defendant's request for compassionate release sent to her warden: "Please allow me to return to my home in Detroit.").) Yet Wayne County, where Detroit is located, currently has 5,408 confirmed cases of COVID-19 and 409 have died; Tarrant County, where FMC Carswell is located,

---

[1] Federal Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp; Federal Bureau of Prisons, *BOP Implementing Modified Operations* (last visited April 16, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp.

has 990 confirmed cases and 30 deaths. State of Michigan, *Coronavirus: Michigan Data* (last visited April 16, 2020), https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html; Tarrant County, *COVID-19 (Coronavirus)* (last visited April 16, 2020), https://www.tarrantcounty.com/en/public-health/disease-control---prevention/coronaviruas.html. Detroit may also be experiencing an increase in crime. George Hunter, *Detroit Cops Fight Violence Spike, Social Distancing Violations with Depleted Manpower*, Detroit News (Apr. 8, 2020). The court is not convinced that Defendant's circumstances are so exceptional and so great as to impel the court to order her release. Such an order would override the BOP's review process, risk Defendant contracting COVID-19 where she would ultimately reside, and potentially subject the public to increased crime. Accordingly,

IT IS ORDERED that Defendant's "Motion for Early Release Due to COVID-19 Pandemic" (ECF No. 298) is DENIED.

                                        s/Robert H. Cleland          /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner          /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.TRAYLOR.EarlyRelease.RMK.3.docx