# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                  Case No. 16-20437

MILLICENT TRAYLOR,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR RELIEF DUE TO COVID-19 PANDEMIC AND DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

Defendant Millicent Traylor was convicted by jury of conspiracy to commit health care fraud, 18 U.S.C. §§ 1349 and 1347, conspiracy to pay and receive healthcare kickbacks, 18 U.S.C. § 371, and five counts of health care fraud, 18 U.S.C. § 1347. (ECF No. 236, PageID.2290.) On September 27, 2018, the court sentenced her to 135 months imprisonment. (ECF No. 236, PageID.2291.) She was resentenced on May 21, 2020, to 120 months imprisonment. (ECF No. 310, PageID.3386.) Her projected release date is in May 2027. (ECF No. 313, PageID.3399; ECF No. 320, PageID.3528.)

On April 7, 2020, Defendant moved for early release under 18 U.S.C. § 3582(c)(1)(A) citing health risks presented by the Coronavirus Disease ("COVID-19"). (ECF No. 298.) The court denied the motion on April 22, 2020. (ECF No. 301.)

Defendant has filed a "Second Motion for Relief Due to COVID-19 Pandemic." (ECF No. 313.) She argues again that the risks of COVID-19 while incarcerated at FMC Carswell in Fort Worth, Texas justify her immediate release. Defendant filed a *pro se* "Motion to Reduce Sentence" articulating the same arguments. (ECF No. 319.) The

government filed a response. (ECF No. 320.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice,

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v.*

2

*Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in her favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The court resentenced Defendant on May 21, 2020. (ECF No. 310, PageID.3385-86.) Defendant appealed that decision on June 8, 2020, (ECF No. 311, PageID.3393), and filed her two motions for compassionate released in July 2020. (ECF Nos. 319, 313.)

Defendant seeks to reduce her sentence, but she is currently challenging her sentence before the Sixth Circuit. Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals. *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). Specifically, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

*Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

3

involved in the appeal*." Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). There are exceptions, such as "[the] jurisdiction to enforce [the district court's] judgments, . . . to proceed with matters that will aid the appellate process, . . . and to adjudicate matters unrelated to the issues on appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013). None of them apply.

A direct appeal challenging the court's sentence and a motion for compassionate release both review the facts underlying Defendant's offenses, her history and circumstances, and applicable enhancements and sentencing guidelines. *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c)(1)(A). A ruling reducing Defendant's sentence would impact the Sixth Circuit's review of Defendant's appeal, and jurisdiction to grant Defendant's request could result in a situation where "[the] district court[] and court of appeals . . . both have . . . the power to modify the same judgment." *Griggs*, 459 U.S. at 59-60.

Nonetheless, Federal Rule of Criminal Procedure 37(a) states that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion." This provision was expressly contemplated for "motions under 18 U.S.C. § 3582(c)." Fed. R. Civ. P. 37(a) advisory committee's note; *see Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (quotation removed) ("Advisory Committee Notes are a reliable source of insight into the meaning of a rule.").

4

Considering the sentencing factors under 18 U.S.C. § 3553(a), Defendant's early release is not warranted. Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives."[2] *United States v. Kincaid*, 805 F. App'x 394, 394 (6th

---

[2] The court will not conduct additional analysis into factors listed in § 3142(g), which largely overlap with § 3553(a) factors. *See* 18 U.S.C. § 3142(g) ("The judicial officer shall . . . take into account . . . the nature and circumstances of the offense charged . . . [and] the nature and seriousness of the danger to . . . the community."). The government does not contest that Defendant fits within one of the four categories in § 1B1.13 of the Sentencing Guidelines or that her conditions are "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). (ECF No. 320, PageID.3540.)

5

Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant engaged in an extensive conspiracy to commit healthcare fraud. Between January 2011 and June 2016, Defendant worked with her other coconspirators to submit almost $9 million in fraudulent claims to Medicare, over $6 million of which was paid. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17.)

Defendant was an unlicensed medical school graduate who performed home visits for Medicare patients. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17.) She impersonated a doctor, occasionally provided care, and obtained the patients' Medicare numbers to bill the government for unnecessary and nonexistent services. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17.) To obtain payments from Medicare, Defendant helped to submit fraudulent documentation, often using forged names of licensed physicians. (ECF No. 296, PageID.3211; ECF No. 211, PageID.2119.) She recruited others to join the scheme and held a leadership role. (ECF No. 316, PageID.3437.)

Additionally, using prescriptions with the forged names of practicing physicians, Defendant wrote medically unnecessary opioid prescriptions for beneficiaries. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3432; ECF No. 211, PageID.2124.) Several of the patients Defendant saw were mentally impaired or suffered from drug addiction. (ECF No. 211, PageID.2124; ECF No. 3440-41.)

6

Defendant was arrested in June 2016, and her conditions of bond barred her from billing Medicare. (ECF No. 211, PageID.2125-26; ECF No. 121, PageID.555.) Nonetheless, she enrolled into a residency program and continued to bill the program for over a year. (ECF No. 211, PageID.2125-26; ECF No. 121, PageID.556.) The violation was discovered, and the court tightened her bond conditions. (ECF No. 130, PageID.671.)

Defendant has exhibited fraud-like behavior prior to her participation in her Medicare billing scheme. She misappropriated personal identifying information on one or more credit cards. (ECF No. 316, PageID.3442; ECF No. 243, PageID.2421.)

Considering her close involvement in a sophisticated and extensive scheme to collect payments from the country's safety net, and to lie to Medicare beneficiaries by impersonating a licensed doctor, taking advantage of the patients' infirmity, ignorance, or drug addiction (or a combination of the three), the court finds Defendant's actions serious and reprehensible. The nature and circumstances of Defendant's past behavior does not support immediate release, which would shorten her ten-year sentence by almost seven years. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant helped defraud Medicare of millions and did so by using the old and mentally infirm (through drug addiction or otherwise). (ECF No. 211, PageID.2124.) She flouted basic medical licensing laws, misled patients, and illegally prescribed opioids under the names of licensed doctors. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17, 3432; ECF No. 211, PageID.2124.)

Release before reaching even the half-way point of Defendant's sentence would denigrate, rather than promote respect for the several laws she violated, and would fail to reflect the serious and troubling nature of her crimes. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Such early release would not provide time for just punishment in reaction to the behavior Defendant repeatedly exhibited during her billing scheme. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Defendant does not have a long criminal history. However, her involvement in the conspiracy to defraud Medicare and prescribe unnecessary opioids took place over the course of years. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17.) Defendant developed a routine, if not an occupation, around illegal activity; her crimes were sophisticated and were committed using many patients. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17; ECF No. 211, PageID.2124.) Although Defendant was caught and punished only once for her scheme, a substantial, but not excessive, term of imprisonment is needed to ensure deterrence. This is needed not only for Defendant, but also for others who may consider her criminal activity, which by its complex nature can be difficult to detect.[3] 18 U.S.C. § 3553(a)(2)(B); 18 U.S.C. § 3582(c)(1)(A).

---

[3]  The court notes that on April 9, 2020, the U.S. Sentencing Commission issued a detailed report on incarceration and recidivism. United States Sentencing Commission, *Length of Incarceration and Recidivism* (2020). Analyzing data on thousands of federal prisoners, the Commission "consistently found that incarceration lengths of more than 120 months had a deterrent effect" while incarceration of sixty months or less had little to no deterrent effect. *Id.* at 4. Given that Defendant has served no more than four years of her sentence, this study bolsters the court's finding that its original sentence would more likely provide deterrence from further crime, and that the lenient early release as proposed would not.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant has shown herself capable of orchestrating and participating in complex crimes. As recently as June 2016, Defendant was representing herself to be a licensed doctor, submitting false bills to the federal government, and prescribing opioids to Medicare beneficiaries under forged names. (ECF No. 296, PageID.3211; ECF No. 316, PageID.3416-17; ECF No. 211, PageID.2124.) The court believes if Defendant's sentence is cut short by almost seven years, she could reenter society and commit additional offenses. Public safety weighs in favor of continued incarceration. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant's advisory guideline range was 135 to 168 months imprisonment. (ECF No. 280, PageID.3125; ECF No. 316, PageID.3417.) The court sentenced Defendant to 120 months imprisonment, fifteen months below the lower bound of the advisory range. (ECF No. 310, PageID.3386.) Immediate release, when Defendant's projected release date is in May 2027, is not justified. 18 U.S.C. § 3553(a)(4); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."** 18 U.S.C. § 3553(a)(2)(D). Defendant focuses her arguments on risks to her health while incarcerated. The government admits she has medical issues, including asthma, diabetes, and obesity. (ECF No. 320, PageID.3540.)

FMC Carswell experienced a large outbreak of COVID-19. Over the course of the past six months, 524 inmates out of 1,293 have tested positive. *COVID-19:*

*Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 31, 2020); *FMC Carswell*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/crw/ (last visited Aug. 31, 2020). Nonetheless, the BOP has instituted extensive counter measures, including suspending inmates' internal movement, quarantining newly arriving inmates who are asymptomatic, isolating and treating symptomatic inmates, and cancelling social visits. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 31, 2020); Federal Bureau of Prisons, U.S. Department of Justice, *Correcting Myths and Misinformation About BOP and COVID-19* (2020). There are now nine inmates and two staff who are positive for COVID-19. *COVID-19: Coronavirus*, *supra*.

If released, Defendant would still be at risk of contracting COVID-19. She previously indicated her home was in the Detroit area, which has confirmed tens of thousands of cases. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited Aug. 31, 2020). (ECF No. 301, PageID.3273.) And, if released, she may have less monitoring and reduced access to quality healthcare. The court has few assurances of Defendant's health and safety if immediate release is granted.

The health risks presented by COVID-19 do not outweigh the many § 3553(a) factors that weigh in favor of continue incarceration, and do not justify releasing Defendant almost seven years before her ten-year sentence is complete. Defendant's second request for compassionate release will be denied. Accordingly,

10

IT IS ORDERED that Defendant's "Second Motion for Relief Due to COVID-19 Pandemic" (ECF No. 313) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Reduce Sentence" (ECF No. 319) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.TRAYLOR.SecondMotionforReliefDuetoCOVID-19PandemicandMotiontoReduceSentence.RMK.docx