**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 16-20437

MILLICENT TRAYLOR,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## EMERGENCY MOTION TO REDUCE SENTENCE

Defendant Millicent Traylor was convicted by jury of conspiracy to commit health care fraud, 18 U.S.C. §§ 1349 and 1347, conspiracy to pay and receive health care kickbacks, 18 U.S.C. § 371, and five counts of health care fraud, 18 U.S.C. § 1347. (ECF No. 236, PageID.2290.) On September 27, 2018, the court sentenced her to 135 months imprisonment. (ECF No. 236, PageID.2291.) She was resentenced on May 21, 2020, to 120 months imprisonment. (ECF No. 310, PageID.3386.)

On April 7, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the health risks presented by the Coronavirus Disease ("COVID-19"). (ECF No. 298.) The court denied the motion on April 22, 2020. (ECF No. 301.) On July 24, 2020, Defendant filed a second motion for compassionate release. (ECF No. 313.) The court denied the second motion on September 9, 2020. (ECF No. 321.)

Defendant has filed a third motion for compassionate release, titled "Emergency Motion to Reduce Sentence." (ECF No. 329.) She again argues that the risks presented

by COVID-19 justify her immediate release. (*Id.*, PageID.3598-3604.) The government has filed a response. (ECF No. 331.)

In the response, the government asserted that Defendant "received her first dose of the Pfizer COVID-19 vaccine." (ECF No. 331, PageID.3649.) At the time of the response, Defendant had not yet received the final, second dose. (*Id.*) The government presumed Defendant would be offered the second dose "in the very near future." (*Id.*)

On April 23, 2021, the court directed the government to file a supplemental brief that stated, "with citations to appropriate support, whether Defendant has received two doses of the Pfizer COVID-19 vaccine." (ECF No. 339, PageID.3698.) On May 7, 2021, the government filed a supplemental brief confirming that Defendant received "her second dose on March 16, 2021." (ECF NO. 343, PageID.3711.) The government cited medical records that state Defendant received both doses of the Pfizer vaccine. (ECF No. 344.)

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner herself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that

when a prisoner moves for compassionate release herself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in her favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and

3

compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

Defendant has received both doses of the Pfizer COVID-19 vaccine. (ECF No. 344.) Available scientific evidence demonstrates that the Pfizer vaccine is extraordinarily effective at reducing the risk of COVID-19 infection. *See*, *e.g.*, *Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited May 7, 2021) (stating that the Pfizer vaccine is 95% effective at preventing COVID-19); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited May 7, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control").

The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. In addition, the BOP has substantially reduced the risk of spread and exposure to COVID-19 through its vaccination of other inmates. Defendant is confined at FMC Carswell. Out of 1,424 inmates at FMC Carswell, 988 have been fully vaccinated. *FMC Carswell*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/crw/ (last visited May 7, 2021); *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited

May 7, 2021). Consequently, there are zero active cases of COVID-19 at the prison. *COVID-19: Coronavirus*, *supra*.

The remote possibility that COVID-19 will spread through FMC Carswell, the BOP will fail to contain the outbreak, Defendant will contract COVID-19, and she will develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion to Reduce Sentence" (ECF No. 329) is DENIED.

                                                s/Robert H. Cleland        /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 10, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner            /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.TRAYLOR.EmergencyMotiontoReduceSentence.RMK.docx