# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 16-20437

MILLICENT TRAYLOR,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Millicent Traylor was convicted by jury of conspiracy to commit health care fraud, 18 U.S.C. §§ 1349 and 1347, conspiracy to pay and receive health care kickbacks, 18 U.S.C. § 371, and five counts of health care fraud, 18 U.S.C. § 1347. (ECF No. 236, PageID.2290.) On September 27, 2018, the court sentenced her to 135 months imprisonment. (ECF No. 236, PageID.2291.) She was resentenced on May 21, 2020, to 120 months imprisonment. (ECF No. 310, PageID.3386.)

On April 7, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the health risks presented by the Coronavirus Disease ("COVID-19"). (ECF No. 298.) The court denied the motion on April 22, 2020. (ECF No. 301.) On July 24, 2020, Defendant filed a second motion for compassionate release. (ECF No. 313.) The court denied the second motion on September 9, 2020. (ECF No. 321.)

On January 23, 2021, Defendant filed a third motion for compassionate release, titled "Emergency Motion to Reduce Sentence." (ECF No. 329.) She again argued that the risks presented by COVID-19 justified her immediate release. (*Id.*, PageID.3598-

3604.) On May 10, 2021, the court denied the third request for release, noting that she had received both doses of the Pfizer COVID-19 vaccine. (ECF No. 345.) On May 11, 2021, Defendant mailed a motion for reconsideration. (ECF No. 348.) She states that, because the Pfizer vaccine "does not stop [her] from contract[ing] COVID-19," the court must "reconsider" her third motion for release. (*Id.*, PageID.3731, 3733.)

To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

Defendant fails to identify a "palpable defect" by which the court was "misled." E.D Mich. L.R. 7.1(h)(3). She does not dispute the court's reasoning in its May 10 opinion that "the Pfizer vaccine is extraordinarily effective at reducing the risk of COVID-19 infection." (ECF No. 345, PageID.3719.) Instead, Defendant claims that relief is warranted because it is *possible* for her to contract COVID-19 despite receiving the vaccine. (ECF No. 348, PageID.3731.) However, even if it is possible for her to contract COVID-19, available scientific evidence demonstrates that the risk of infection for vaccinated individuals is very low, and the risk of severe illness is even lower, if not non-existent. *See Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-

ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited May 19, 2021) (noting that in clinical trials Pfizer vaccine was "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection"); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited May 19, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control").

As the court stated in its May 10 opinion, "[t]he remote possibility that COVID-19 will spread [at Defendant's location of confinement], the [Bureau of Prisons] will fail to contain the outbreak, Defendant will contract COVID-19, and she will develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release." (ECF No. 345, PageID.3720.) Defendant fails to identify a "palpable defect" that "misled" the court in this reasoning. E.D Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendant's "Motion . . . for Reconsideration" (ECF No. 348) is DENIED.

                                               s/Robert H. Cleland              /
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: May 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.TRAYLOR.MotionforReconsideration.RMK.docx