UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                          Case No. 16-20437

D-3 MILLICENT TRAYLOR,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELIEF AND REDUCTION OF SENTENCE**

Pending before the court is Defendant Millicent Traylor's fourth motion for compassionate release and reduction of sentence. (ECF No. 371.) The government has responded in opposition to Defendant's motion (ECF No. 375.) Having reviewed the record, the court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will deny the motion.

## I. BACKGROUND

Defendant was convicted by jury of conspiracy to commit health care fraud, 18 U.S.C. §§ 1349 and 1347, conspiracy to pay and receive health care kickbacks, 18 U.S.C. § 371, and five counts of health care fraud, 18 U.S.C. § 1347. (ECF No. 236, PageID.2290.) On September 27, 2018, the court sentenced her to 135 months imprisonment. (ECF No. 236, PageID.2291.) She was resentenced on May 21, 2020, to 120 months imprisonment. (ECF No. 310, PageID.3386.) Her projected release date is May 13, 2027.

On April 7, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the health risks presented by the Coronavirus Disease ("COVID-19"). (ECF No. 298.) The court denied the motion on April 22, 2020. (ECF No. 301.) On July 24, 2020, Defendant filed a second motion for compassionate release, presenting similar reasons. (ECF No. 313.) That motion was denied on September 9, 2020. (ECF No. 321.) Then, on January 23, 2021, Defendant filed a third motion, titled "Emergency Motion to Reduce Sentence." (ECF No. 329.) She again argued that the risks presented by COVID-19 justified her immediate release. (*Id.*, PageID.3598-3604.) The court denied that motion on May 10, 2021 (ECF No. 345), which was affirmed by the Sixth Circuit. *United States v. Traylor*, 16 F.4th 485, 486 (6th Cir. 2021).

In this fouth motion, Defendant claims that a newly diagnosed medical ailment and her rehabilitative efforts warrant an early release or reduction of sentense. (ECF No. 371.) The government opposes Defendant's request. (ECF No. 375.) The government maintains that she failed to exhaust her administrative remedies. (*Id.*, PageID.3975-76.) Additionally, it argues that Defendant can neither present an extraordinary and compelling reason nor demonstrate that the factors in 18 U.S.C. §3553(a) weigh in favor of a compassionate release or reduced sentence. (*Id.*, PageID.3977-82.)

## II.  STANDARD

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, there must be "extraordinary and compelling reasons warrant [] a reduction [of sentence]." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must

weigh in favor of a sentence reduction. *Id.* Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release herself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors weighing in her favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

Additionally, before the court may consider a motion for compassionate release, Defendant must exhaust her administrative remedies at the Bureau of Prison ("BOP"). *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release herself only if she submits a request for compassionate release to her warden and she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." "It is Defendant's burden to establish [s]he has exhausted all h[er] administrative remedies." *United States v. Faraj,* No. 2:13-CR-20564-01, 2021 WL 1857190, at *1 (E.D. Mich. May 10, 2021) (Murphy, J.).Because the exhaustion requirement is a mandatory claim-

processing rule, it is subject to waiver and forfeiture. See *Alam*, 960 F.3d at 834-35 (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)).

### III. DISCUSSION

#### A. Exhaution

"That the [c]ourt previously denied a similar motion for compassionate release does not excuse the defendant [from] complying with the exhaustion requirement before renewing his motion." *United States v. Gordon,* No. 92-81127, 2022 WL 452450, at *2 (E.D. Mich. Feb. 14, 2022) (Lawson, J.) (citing *United States v. MacLloyd*, No. 08-20289, 2021 WL 5834314, at *1 (E.D. Mich. Dec. 9, 2021) (Steeh, J.) (collecting cases)). Put differently:

> After an inmate has sought and received full consideration of her request for compassionate release by the [c]ourt, where the grounds presented fully were considered, and the [c]ourt was not persuaded that discretionary relief was justified, she may not file a subsequent or "renewed" motion on new grounds without first — again — exhausting available administrative options for seeking release.

*United States v. Douglas*, No. 16-20436, 2022 WL 452446, at *1 (E.D. Mich. Feb. 14, 2022) (Lawson, J.) (citing *Alam*, 960 F. 3d at 833-34); *Gordon,* 2022 WL 452450, at *2.

Here, Defendant does not appear to have exhausted her administrative remedies for this fourth compassionate release request, which is based on new grounds – a recently diagnosed medical ailment and rehabilitative efforts. Specifically, Defendant has not alleged or presented evidence that she exhausted her administrative appeals within the BOP, or that she waited thirty days after submitting a new compassionate release request to the warden of her detainment facility. 18 U.S.C. § 3582(c)(1)(A). In fact, the government has represented that Defendant has not made any additional

4

request other than the one made on March 31, 2020. (ECF No. 375, PageID.3976.) Defendant has not disputed this assertion.

In short, Defendant has failed to meet her burden of proving she has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Defendant has exhausted her administrative remedies, her motion for compassionate release still fails on the merits. Her circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

The court has previously held that Defendant's medical conditions, other than hypothyroidism, amid the COVID-19 pandemic, with her being fully vaccinated, does not present extraordinary and compelling reasons justifying compassionate release. (ECF No. 345, PageID.3719-20.) Regarding Defendant's new diagnosis, "[t]he CDC does not identify hypothyroidism . . . as [a] condition[] that increase the risks of COVID-19." *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *4 (E.D. Mich. July 12, 2022) (Luddington, J.) (holding that hypothyroidism and enlarged prostate were "not compelling circumstances, even if extraordinary in some sense"). Further, Defendant does not allege that her medical ailments are being ill-managed. In fact, Defendant's narrative and her medical records suggest the opposite. (ECF No. 371,

5

PageID.3950-51; ECF Nos. 377-2, 377-3.) *See United States v. Drummond*, No. 21-3625, 2022 WL 2661593, at *2 (6th Cir. Feb. 14, 2022) (denying compassionate release in part because the defendant never alleged that his asthma and hypertension were not "well-managed"); *United States v. Gray*, 855 Fed. Appx. 281, 283 (6th Cir. 2021) (affirming denial of compassionate release request based on health conditions, stating "[g]iven that Gray had failed to present any evidence that his obesity was poorly managed or had any impact on his health, the district court was unable to find an extraordinary and compelling reason to warrant a sentence reduction").

Defendant is left with her post-sentencing rehabilitative efforts. While they are commendable, "Congress has made clear that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. Burlingame*, -- F. Supp.3d --, 2021 WL 5198510, at *3 (E.D. Mich. Nov. 9, 2021) (Ludington, J.) (alterations in original omitted) (citing 28 U.S.C. §944(t); *United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021) (Steeh, J.)).

Accordingly, extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a reduction of sentence.

### C.  § 3553(a) Sentencing Factors

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

6

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives.'" *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

The court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing [presumably] remains an accurate assessment as to whether those factors

7

justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). This means that Defendant "must make a compelling case as to why the [] court's § 3553(a) analysis would be different if conducted today." *Id.* Here, Defendant relies solely on her good behaviors during incarceration. (ECF No. 371, PageID.3953.) However, as indicated above, that alone does not justify early release or reduction of sentence.

The court already analyzed the factors under § 3553(a) in its previous order and opinion denying Defendant's prior request for compassionate release and reduction of sentence. (ECF No. 321, PageID.3550-55.) Defendant has not explained why a different result would be warranted now. Accordingly, for the reasonings stated in the September 9, 2020 order, which are incorporated by reference herein, the court finds that the factors under § 3553(a) do not favor an immediate release or reduced sentence.

## IV. CONCLUSION

Defendant's unexhausted assertions of new medical ailment and rehabilitative efforts neither present an extraordinary and compelling circumstance nor outweigh the many § 3553(a) factors that favor continued incarceration, and do not justify cutting Defendant's sentence in half. Accordingly,

IT IS ORDERED that Defendant's fourth "Emergency Motion for Compassionate Release/Reduction in Sentence" (ECF No. 371) is DENIED.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2022

8

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Wagner          /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\16-20437-3.TRAYLOR.FourthCompassionateRelief.NTH.docx